# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 20, 2012

144796

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

_____

In re FORFEITURE OF 1999 FORD CONTOUR.
_____

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

1999 FORD CONTOUR,
      Defendant,

and

FREDDIE BURSE,
      Claimant-Appellant.

SC: 144796
COA: 300482
Wayne CC: 10-002976-CF

_____/

On order of the Court, the application for leave to appeal the February 2, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment that directs the Wayne Circuit Court to enter an order granting summary disposition in favor of the plaintiff. The claimant raised two defenses to the forfeiture action. We do not disturb the Court of Appeals ruling that the prosecutor is entitled to summary disposition on the claimant's claim that his vehicle is exempt from forfeiture under the exception set forth at MCL 333.7521(1)(d)(iii). Nor do we disturb the Court of Appeals ruling that the claimant's affidavit did not establish that he is entitled to avoid forfeiture under the innocent owner exception set forth at MCL 333.7521(1)(d)(ii). The Court of Appeals concluded that the claimant's affidavit failed to establish that the claimant *did not* have knowledge of or consent to his wife's acts. Accepting this as true, we note that the affidavit did not establish that the claimant *did* have knowledge of or consent to his wife's acts, and the plaintiff did not come forward with evidence on this point. Accordingly, this remains an open question of material fact. Because there is a genuine

issue of material fact regarding a defense that the claimant has raised to the forfeiture, the Court of Appeals erred in ordering entry of judgment in favor of the plaintiff. *Maiden v Rozwood*, 461 Mich 109 (1999). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We REMAND this case to the trial court for further proceedings not inconsistent with this order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 20, 2012

p0613

Clerk